UNITED STATES DISTRICT COURT        **JS-6 / REMAND**
CENTRAL DISTRICT OF CALIFORNIA

## CIVIL MINUTES – GENERAL

Case No.   2:22-cv-01003-DMG (AFMx)                    Date: February 18, 2022

Title   HSBC Bank USA etc. v. Jose Coria, et al.

Present: The Honorable:  DOLLY M. GEE, U.S. DISTRICT JUDGE

| Kane Tien | N/A |
|---|---|
| Deputy Clerk | Court Reporter / Recorder |

Attorneys Present for Plaintiff:          Attorneys Present for Defendants:
N/A                                       N/A

**Proceedings: (In Chambers)      ORDER REMANDING MATTER TO STATE COURT**

On October 18, 2021, HSBC Bank USA, National Association as Trustee for Deutsche ALT-A Securities, Inc., Mortgage Pass-Through Certificates Series 2006-AB1 ("Plaintiff") instituted unlawful detainer proceedings against Jose Coria, Miriam Flores, Adriana Cook, and Does 1 through 25 ("Defendants") in state court.  Defendants have allegedly continued in unlawful possession of the property located at 11814 Tristan Drive, Downey, CA 90241 (the "Property") that was acquired by Plaintiff through foreclosure proceedings on November 2, 2018 and recorded Trustee's Deed Upon Sale on February 10, 2021.  Defendants have remained in possession of the Property and, on April 5, 2021, were served with a notice to quit (Foreclosure Holdover-CCP §1161a).  (Complaint, ¶ 6-8; ECF No. 1 at 18-19.)  Plaintiff filed its unlawful detainer complaint in state court after Defendants failed to comply with the notice to quit.  Marvin Cook filed a Notice of Removal on February 14, 2022 and asserts diversity jurisdiction and federal question jurisdiction under 28 U.S.C. § 1443. (Notice of Removal, ¶ 23.)

Federal courts are courts of limited jurisdiction, having subject matter jurisdiction only over matters authorized by the Constitution and Congress.  *See, e.g., Kokkonen v. Guardian Life Ins. Co.*, 511 U.S. 375, 377 (1994).  It is this Court's duty to always examine its own subject matter jurisdiction, *see Arbaugh v. Y&H Corp.*, 546 U.S. 500, 514 (2006), and the Court may remand a case summarily if there is an obvious jurisdictional issue.  *Cf. Scholastic Entm't, Inc. v. Fox Entm't Grp., Inc.*, 336 F.3d 982, 985 (9th Cir. 2003) ("While a party is entitled to notice and an opportunity to respond when a court contemplates dismissing a claim on the merits, it is not so when the dismissal is for lack of subject matter jurisdiction.") (omitting internal citations).  A defendant attempting to remove an action from state to federal court bears the burden of proving that jurisdiction exists.  *See Scott v. Breeland*, 792 F.2d 925, 927 (9th Cir. 1986).  Further a "strong presumption" against removal jurisdiction exists.  *See Gaus v. Miles, Inc.*, 980 F.2d 564, 567 (9th Cir. 1992).

UNITED STATES DISTRICT COURT      JS-6 / REMAND
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No.   2:22-cv-01003-DMG (AFMx)            Date: February 18, 2022

Title      HSBC Bank USA etc. v. Jose Coria, et al.

       Subject matter jurisdiction exists over civil actions "arising under" federal law. 28 U.S.C. § 1331. A claim arises under federal law "when a federal question is presented on the face of plaintiff's properly pleaded complaint." *See Caterpillar, Inc. v. Williams*, 482 U.S. 386, 392 (1987). Plaintiff's Complaint herein contains a single cause of action for unlawful detainer, a state law claim. There is no federal question jurisdiction even if there is a federal defense to the claim or a counterclaim arising under federal law. *See Caterpillar, Inc.*, 482 U.S. at 392-93. This is a simple state law unlawful detainer case, and there is no federal question presented on the face of Plaintiff's Complaint.

       Mr. Cook, however, asserts that federal jurisdiction exists under 28 U.S.C. §1443(1). "'[T]he ground for removal [under section 1443(1)] is both specific and extremely narrow.'" *JP Morgan Chase Bank, NA v. Reznik*, 2015 WL 5156442 at *2 (C.D. Cal. Sept. 1, 2015) (quoting *Davis v. Superior Court of State of Cal.*, 464, F.2d 1272, 1273 (9th Cir. 1972). Attempts to use section 1443(1) as a basis for removal of unlawful detainer actions have been repeatedly rejected by the district courts in California. *See, e.g., JP Morgan Chase Bank, NA, supra; Deo v. Guzman*, 2015 WL 6123735 (E.D. Cal. Oct. 16, 2015); *Bank of America, N.A. v. Amil,* 2013 WL 1283444 at *3 (N.D. Cal. Feb. 1, 2013); *HSBC Bank USA v. Cabal*, 2010 WL 3769092 (S.D. Cal. Sept. 21, 2010). Section 1443(1) provides a two-part test that must be met for removal: "First, the petitioners must assert, as a defense to the prosecution, rights that are given to them by explicit statutory enactment protecting equal racial civil rights. . . . Second, petitioners must assert that the state courts will not enforce that right, and that allegation must be supported by reference to a state statute or a constitutional provision that purports to command the state courts to ignore the federal rights." *People of State of Cal. v. Sandoval*, 434 F.2d 635, 636 (9th Cir. 1970). As to the first prong, Defendant has referenced a variety of federal statutes and constitutional provisions. Assuming *arguendo* this satisfies the requirement of "explicit statutory enactment protecting equal racial civil rights," the Notice of Removal does not meet the second prong. Mr. Cook has failed to identify any California statute or constitutional provision that commands California courts to ignore their federal rights. *See Patel v. Del Taco, Inc.* 446 F.3d 996, 999 (9th Cir. 2006) (case remanded where defendants "point to no formal expression of state law that prohibits them from enforcing their civil rights in state court nor . . . to anything that suggests that the state court would not enforce their civil rights in state court proceedings."). The specific state law provision cited in the Notice of Removal – California Civil Code § 2924 (foreclosure statute, cited at ¶ 22, and Answer, ECF No. 1 at 37) – cannot be read to require California state courts to disregard federal civil rights. *See JP Morgan Chase Bank, NA* at *2 (citation to California's non-judicial foreclosure and unlawful detainer statutes did not satisfy the "specific and extremely narrow" removal requirements of section 1443). To the extent Mr. Cook seeks to assert other federal civil rights claims via

UNITED STATES DISTRICT COURT     JS-6 / REMAND
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No.  2:22-cv-01003-DMG (AFMx)                  Date: February 18, 2022

Title    HSBC Bank USA etc. v. Jose Coria, et al.

counterclaims, that does not create federal question jurisdiction because no federal question is presented on the face of Plaintiff's Complaint.

       It is also clear from the face of the Complaint that there is no diversity jurisdiction under 28 U.S.C. § 1332. Even if Mr. Cook can establish diversity of citizenship, the amount in controversy under the Complaint is alleged to be below $10,000 (Complaint, ¶ 11) – well below the statutory threshold of $75,000. Plaintiff estimates the fair rental value of the property as $99.83 per day, commencing with the expiration on July 6, 2021, and up through entry of judgment. Mr. Cook has not plausibly alleged that the amount in controversy requirement has been met. *See Dart Cherokee Basin Operating Co., LLC v. Owens*, 135 S. Ct. 547, 553-54 (2014). Diversity jurisdiction cannot be justified based on the alleged value of a yet-to-be asserted counterclaim. *See Frantz v. Midland Corporate Tax Credit III Limited Partnership*, 2014 WL 4656475 at *2 (D. Id. 2014) (counterclaims cannot be used to satisfy the amount in controversy requirement to establish removal jurisdiction); *Franklin v. Car Financial Services, Inc.*, 2009 WL 3762687 at *2 (S.D. Cal. 2009) (same).

       Finally, although he filed an answer in state court (ECF No. 1 at 36), Marvin Cook — the individual who filed the Notice of Removal — is not named as a defendant in the Complaint. Because Mr. Cook is not a named defendant in the underlying Complaint, he cannot remove this case to federal court. *See* 28 U.S.C. §1441(a); *Sharma v. HSI Asset Loan Obligation Trust 2007-1 by Deutsche Bank Nat'l Trust Co.*, __ F.4th __, 2022 WL 212015 (9th Cir. Jan 25, 2022).

       Accordingly, the Court REMANDS the action to state court forthwith and orders the Court Clerk promptly to serve this order on all parties who have appeared in this action.


cc:  Pro Se Defendant